Jim White v. The State.

No. 7116.    Decided April 25, 1923.

Burglary—Accomplice—Corroboration—Insufficiency of the Evidence.

Where, upon trial of burglary, the testimony of the accomplice upon which a conviction depended was not sufficiently corroborated by other evidence, the judgment must be reversed, and the cause remanded.

Appeal from the District Court of Hopkins. Tried below before the Hon. George B. Hall.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dial, Melson, Davidson & Brim* for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hopkins County of burglary, and his punishment fixed at two years in the penitentiary.

Burglary of Bud Hatch's smoke-house in the night-time, was charged. Middlings, a ham, jars of preserves and onions were taken. No one was at home. Hatch never saw any of said property afterward. Tracks near his barn were observed by him the next morning. They led in the direction of appellant's home some quarter of a mile distant. Near Hatch's barn ran a public trail much used. Whether said tracks appeared fresh, is not stated. No description of them was given, save that one was small and one "tolerably large." No peculiarity of such tracks was mentioned. Two men swore for the State, that the morning after the alleged burglary they went to appellant's house about nine o'clock. He, Simon Horn and Wyatt Young were on the porch, and as the two men approached appellant went into the house. They stopped on the porch where the other two men were pealing pears, and appellant came back out in fifteen or twenty minutes. Both witnesses state that there was freshly plowed ground between appellant's barn and his house. Another State witness testified that he was at appellant's house the morning after said burglary and smelled some meat that "smelled awful good" and saw some lean meat on the table. This is the State's case aside from the testimony of Simon Horn, who swore that he, appellant and one Bennett burglarized Hatch's smokehouse the night before; that they got jars of preserves which they buried between appellant's house and his barn and then plowed the ground over same; that they got some middlings which Bennett carried away; that they got a ham and some onions, and that part of the ham was cooked for breakfast next morning.

We have carefully considered these facts in the light of our statute which forbids the affirmance of a judgment had upon the testimony of an accomplice unless other evidence in the case aside from that of such accomplice, tends to connect the accused with the commission of the offense, and the effect of such evidence must extend beyond a showing that the offense was committed. It must tend to show that the accused is the guilty party. There was no testimony

showing the size of appellant's feet, or attempting to show that his footgear would make a track similar in size to those found by Mr. Hatch, nor was there any effort made along this line to show similarity of tracks made by Simon Horn or Bennett. The tracks might have been made weeks or months before the night of the burglary as far as we can learn from the record. No search under the plowed ground between appellant's barn and house was made to ascertain if fruit was buried there or if there were indications that anything had ever been buried there. The witness who smelled the good meat at appellant's house the next morning was asked pointedly if it was ham and seems to have declined to answer affirmatively. Appellant's wife testified that she did fry some ham sent her by her sister on that morning; that she fried enough for her two small children who were not well. The sister of said wife testified that she sent them ham on said occasion. No effort was made by the State to show that appellant's going into his house the next morning and his return fifteen or twenty minutes later, had any guilty signification, save by the testimony of Simon Horn. Bennett, who was accused by Horn, took the stand and testified that he did not accompany appellant and Horn in a burglarious expedition on the night in question. Wyatt Young, who seems to have been charged in the same connection with the matter and to have been acquitted, also took the stand and denied any knowledge of any such transaction. If the State could show similarity of tracks with those of appellant and Horn, or that there was something to indicate that the tracks had been made the night of the burglary, or that something was found under the plowed ground indicating that jars of fruit had been buried there, or that some other property claimed to have been taken in said burglary, was in some way connected with appellant's premises or possession, or if any of these facts were in the possession of the State or could have been shown, they do not appear in the record.

For the lack of testimony to corroborate that of the accomplice, the judgment of the trial court must be reversed, and it is so ordered.

*Reversed and remanded.*